**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TAMMY LEGGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-06161-CV-S-RK |
| | ) | |
| CAROLYN W. COLVIN[1], ACTING | ) | |
| COMMISSIONER OF SSA; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Tammy Leggett ("Plaintiff")'s appeal of the Commissioner of Social Security ("Commissioner")'s final decision denying her application for Social Security insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434. The decision of the Commissioner is AFFIRMED.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

(8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine; obesity; tachycardia; post-traumatic stress disorder (PTSD); major depressive disorder; schizoaffective disorder; a personality disorder; and a history of polysubstance abuse. The ALJ also determined that Plaintiff has non-severe impairments, including diabetes and daily headaches with associated nausea and vomiting. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's limitations, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several exceptions and limitations. Though the ALJ found Plaintiff incapable of performing any past relevant work, there are jobs in significant numbers in the national economy that Plaintiff can perform, such as retail marker, machine operator, and bench assembler. Therefore, Plaintiff is not disabled, as defined in the Act, from August 15, 2010, through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to (1) whether the ALJ properly considered Plaintiff's headaches; and (2) whether the ALJ properly evaluated the medical opinion evidence.[2]

---

[2] Plaintiff argues the ALJ improperly gave little weight to the opinions of the treating psychiatrist, treating therapist, and the consultative examiner, while giving significant weight to the State agency consultants. "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p; 1996 WL 374180, at *2 (July 2, 1996). "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." *Brown v. Colvin*, No. 4:13-CV-368-DGK-SSA, 2014 U.S. Dist. LEXIS 59088, at *9 (W.D. Mo. Apr. 29, 2014) (citing SSR 96-6p; 1996 WL 374180, at *3). In weighing the medical opinions, the ALJ's decision provided sufficient explanations supported by the evidence in the case record.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that the ALJ complied with relevant legal requirements and substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is AFFIRMED.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 7, 2017

3